IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH ZIELINSKI, individually and as trustee for next-of-kin of ROBERT ZIELINSKI, deceased,<br><br>*Plaintiff,*<br><br>v.<br><br>MEGA MANUFACTURING, INC., et al.,<br><br>*Defendants.* | Case No. 2:18-cv-05113-JDW |

## MEMORANDUM

Federal Rules of Civil Procedure 26 and 45 are federal statutes that govern, among other things, the scope of discovery that parties in a case can obtain from third parties. Pennsylvania's Criminal History Record Information Act ("CHRIA") requires confidentiality of certain investigatory materials. The question for this Court is whether and to what extent CHRIA protects documents in Falls Township's possession from disclosure in discovery in this case. The answer: not at all, for two reasons.

First, Falls Township has not shown with sufficient specificity that any document at issue is subject to CHRIA. Second, even if the Township were to make such a showing, it would not matter because CHRIA, as a state statute, must yield to federal law. However, the Court recognizes that Pennsylvania's General Assembly has expressed an interest in maintaining the confidentiality of documents that fall within CHRIA's scope. Accordingly, the Court will exercise its discretion under Federal Rule of Civil Procedure 26(c) to impose limitations on the use and dissemination of materials that the Township will produce and that fall within CHRIA's scope.

## I. FACTUAL BACKGROUND

On October 6, 2017, Robert Zielinski was working in a steel fabrication and manufacturing plant when sheets of steel fell on him. He died shortly thereafter. Robert's wife, Deborah, filed this action on November 21, 2018, individually and as trustee for Robert's next-of-kin. In her Complaint, Deborah asserts claims against the manufacturer of the machine on which Robert was working when he was injured, the installer of the machine, and the manufacturer of a scissor lift table that Robert had used to store the metal sheets. She brings claims for wrongful death, a survival action, strict products liability, and negligence.

On October 25, 2019, Econo Lift, the manufacturer of the scissor lift table, served a third-party subpoena on the Falls Township Police Department, seeking "all accident or incident reports, including the investigative report," concerning the accident at the steel plant. On November 5, 2019, Falls Township filed a Motion for a Protective Order pursuant to Federal Rule of Civil Procedure 26(c), seeking an order from the Court stating that the Police Department does not have to produce the investigatory information sought in the subpoena.

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, "any person from whom discovery is sought may move for a protective order in the court where the action is pending" to prevent the disclosure of requested discovery. Fed. R. Civ. P. 26(c)(1). The court may enter such an order upon a showing of good cause by the movant. *Id.*; *see also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) ("[I]t is well-established that a party wishing to obtain an order of protection over discovery material must demonstrate that 'good cause' exists ...."). "'Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity.' 'Broad allegations of harm,

unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing." *Pansy*, 23 F.3d at 786 (quotations and citation omitted). The party seeking a protective order has "[t]he burden of justifying the confidentiality of each and every document sought to be covered by a protective order ...." *Id.* at 786-87 (citation omitted).

## III. ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Moreover, Federal Rule of Civil Procedure 45 permits discovery from third parties that is within the scope of Rule 26(b)(1), subject to certain requirements that the party issuing a subpoena be mindful of the burden placed on a third party. *See In re Novartis and Par Antitrust Litig.*, Case No. 19-mc-00149, 2019 WL 5722055, at * 4 (E.D. Pa Nov. 5, 2019). Here, there is no dispute that the documents that Econo Lift has requested in its subpoena fall within the scope of Rule 26(b)(1).

CHRIA, however, prohibits Pennsylvania criminal justice agencies like the Falls Township Police Department from disseminating investigative information to the public. 18 Pa. C.S.A. § 9106(c)(4); *Pennsylvania State Police v. Grove*, 161 A.3d 877, 895 (Pa. 2017). Investigative information is "[i]nformation assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing . . . ." 18 Pa. C.S.A. § 9102. The tension between these various provisions gives rise to this dispute.

### A. Falls Township's Motion Lacks Specificity.

CHRIA does not apply to every document in a police department's files. For example, where a law enforcement agency gathers documents that "do not involve criminal activity, and may ultimately be used in civil proceedings, administrative enforcement and disciplinary

3

actions[,]" CHRIA does not apply. *Pa. State Police v. Grove*, 161 A.3d 877, 895 (Pa. 2017). Indeed, "[t]he mere fact that a record has some connection to a criminal proceeding does not automatically exempt it under ... CHRIA[,]" and the Township has not alleged that the records, whatever they may be, were "created to report on a criminal investigation or set forth or document evidence in a criminal investigation or steps carried out in a criminal investigation." *Pa. State Police v. Grove*, 119 A.3d 1102, 1108 (Pa. Commw. Ct. 2015), *aff'd in part, rev'd in part*, 161 A.3d 877 (Pa. 2017). Instead, "CHRIA protects information based on the circumstances under which it was gathered. Information obtained as a result of an investigation into criminal activity is protected. Information gathered as a result of a different inquiry or for a different reason is not protected." *In re Subpoenas in Case of Mielcarz v. Pietzsch*, No. 119 EDA 2017, 2018 WL 3113916, at *6 (Pa. Super. Ct. June 22, 2018). Thus, in order to satisfy its burden under Rule 26(c), the Township would have to show that CHRIA applies to the documents at issue.

In its Motion, the Township does not specify what responsive documents it has in its possession, let alone try to explain why those documents fall within CHRIA's scope. Instead, the Township asserts "[u]pon information and belief" that Econo Lift "is seeking police investigatory information relative to an ongoing criminal matter." (ECF No. 34, ¶ 4.) It then reiterates its assertion that the "information sought in the instant case is investigative information." (*Id.* at ¶ 12.) These bald assertions are not enough to satisfy the Township's burden. The Court is particularly troubled by the Township's assertion based on "information and belief" that the records at issue relate to an ongoing criminal matter. The Township—**and only the Township**—is in a position to know for certain whether such an investigation is underway. If there is one, it should say so to satisfy its burden, and it should say so with a sworn statement from a Township official, not with an equivocation from counsel.

4

## B. CHRIA Yields To Federal Rules.

Federal courts must apply the Federal Rules of Civil Procedure unless a particular rule violates either the Rules Enabling Act or the Constitution. *See Hanna v. Plumer*, 380 U.S. 460, 471 (1965); *see also In re Lipitor Antitrust Litig.*, 336 F. Supp.3d 395, 414 (D.N.J. 2018); 32 Am. Jur.2d Federal Courts § 298 ("Where there is a conflict or collision between state law and the Federal Rules of Civil Procedure, the state law must give way if the federal rule is otherwise constitutional and within the scope of the Rules Enabling Act."). Here, Rule 26(b) defines the scope of discovery in this proceeding, and it is both constitutional and within the scope of the Rules Enabling Act. Therefore, the Court must resolve any conflict between Rule 26 and CHRIA in favor of discoverability under Rule 26.

In considering this Motion, the Court asked for supplemental briefing as to whether CHRIA constitutes a "privilege" within the meaning of Fed. R. Evid. 501. If so, then Rule 26(b)(5) would provide a basis for the Township to withhold the documents from production. Rule 501 provides that, "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501; *see also Pearson v. Miller*, 211 F.3d 57, 66 (3d Cir. 2000) ("In general, federal privileges apply to federal law claims, and state privileges apply to claims arising under state law."). Because this case involves state law claims only, Pennsylvania privilege law applies, and cases in which federal law supplies the rule of decision, such as those that Econo Lift cites, are not on point. Pennsylvania courts have not determined whether CHRIA creates a privilege or a confidentiality obligation. *See In re Subpoenas in Case of Mielcarz*, 2018 WL 3113916 at *2 n.9 ("We explicitly decline to opine on whether CHRIA's nondisclosure requirement is a privilege or whether it merely ensures confidentiality of information.").

5

Ultimately, however, the question of whether CHRIA is a privilege is a question of federal law because it is a federal rule that uses the word "privilege." The Federal Rules of Evidence do not define the word "privilege." The Court therefore must give that term its ordinary meaning. Rule 501 was adopted in 1974. At that time, the word "privilege" meant a "particular and peculiar benefit or advantage enjoyed by a person, company, or class, beyond the common advantages of other citizens" and as "[t]hat which releases one from the performance of a duty or obligation, or exempts one from a liability which he would otherwise be required to perform . . . ." Black's Law Dictionary 1359 (Rev. 4th ed. 1968). Given that Rule 501 was adopted by and for lawyers, the Court concludes that this definition is the most apt.

CHRIA does not create a privilege. A privilege, as the definition makes clear, is a right or an advantage. The party holding a privilege can waive it. CHRIA, however, does not give criminal justice agencies a benefit or advantage, nor does it release them from any obligation. Instead, it imposes on them a duty of confidentiality. Indeed, the Township's argument acknowledges as much. (*See* ECF No. 39 at 4 (describing the mandate as an "unequivocal bar on disclosure")). "Statutory provisions providing for duties of confidentiality do not automatically imply the creation of evidentiary privileges binding on courts." *Pearson*, 211 F.3d at 68. Rule 501 therefore does not apply here. Accordingly, CHRIA must yield to Rule 26(b).

### C. Restrictions On The Use Of Information Within The Scope Of CHRIA Are Appropriate.

Although CHRIA does not bar the production of the documents at issue, the Court is mindful that the Pennsylvania General Assembly has concerns about maintaining the confidentiality of documents that relate to a criminal investigation. Federal Rule of Civil Procedure 26(c) authorizes the Court to specify "terms, including time and place . . . for the disclosure or discovery" and "designating the persons who may be present while the discovery is

6

conducted." Fed. R. Civ. P. 26(c)(1)(B), (E). The Court will exercise that discretion here to limit the use and dissemination of any documents that the Township can demonstrate fall within CHRIA's ambit. The Court will set forth those restrictions in the accompanying Order.

## IV. CONCLUSION

Because Falls Township has failed to meet its burden as the party seeking closure under Federal Rule of Civil Procedure 26(c) and failed to demonstrate that its non-disclosure obligation under CHRIA is a state law privilege that applies in this matter, the Court will require the Township to produce the requested documents, subject to the requirements discussed above. An appropriate Order follows.

**Date:** November 26, 2019            **BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.